IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| FRIENDS OF THE BITTERROOT,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>LEANNE MARTEN, Regional Forester of Region One of the U.S. Forest Service, UNITED STATES FOREST SERVICE; an agency of the U.S. Department of Agriculture,<br><br>　　　　Defendants. | CV 20–19–M–DLC<br><br><br>ORDER |

On April 10, 2020, Plaintiff, Friends of the Bitterroot, filed a Motion for Preliminary Injunction/Temporary Restraining Order (Doc. 5) supported by the declaration of Larry Campbell, its Conservation Director (Doc. 6-1). On April 24, 2020, Federal Defendants filed a response in opposition. (Doc. 10.) This motion is now ripe. L.R. 7.1(d)(1)(D). For the following reasons, Plaintiff's motion will be denied.

## BACKGROUND

At issue is the United States Forest Service's Darby Lumber Lands II Project ("Project") on the Bitterroot National Forest. The purpose of the Project is to

develop a suitable transportation system throughout the Project area, and to improve watershed and forest health. (Doc. 10 at 9.)

In 2005 and 2013 respectively, the United States acquired former privately-owned lands east of Darby, Montana, adjacent to the Bitterroot National Forest. (Doc. 10 at 10.) Prior to the United States' acquisition, these private lands were managed for timber production, and an extensive road network was constructed throughout the Project area. (*Id.*) Many of these roads were not built to Forest Service standards and have not been properly maintained, resulting in heavy sedimentation. (*Id.*) The Project will improve forest health by developing a suitable transportation system for the long-term management of the area. (*Id.*) Specifically, the Project will decommission 39 miles of road, place 16 miles into long-term storage, construct 4.3 miles of permanent road and 1.9 miles of connector routes. (*Id.* at 11.) This will result in a net reduction of approximately 38 miles of open road during the summer months. (*Id.*)

The Forest Service authorized the Project in July 2019. (*Id.* at 12.) It then awarded a timber sales contract to Pyramid Mountain Lumber in mid-September 2019. (*Id.* at 18.) The Forest Service provided this contract for Plaintiff's review in late October 2019. (*Id.*) On February 19, 2020, Plaintiff filed suit. (Doc. 1.) Then, on April 10, 2020, Plaintiff filed this motion for a preliminary injunction/temporary restraining order. (Doc. 5.) Pursuant to the timber sale

contract, road work on public land is set to begin in early May.  (Doc. 10 at 12.) Timber harvest is estimated to begin in October once the road work is complete. (*Id.* at 12.)

## LEGAL FRAMEWORK

"A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 24 (2008).  A plaintiff seeking an injunction must show that: (1) it is likely to suffer irreparable harm absent a preliminary injunction, (2) it is likely to succeed on the merits, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest. *Id.* at 20.  When the Government is a party, the analyses of the final two elements merge.  *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014).

## DISCUSSION

In order to obtain a preliminary injunction, a plaintiff must allege more than the possibility of harm.  *Winter*, 555 U.S. at 22.  A plaintiff must demonstrate that absent such an order, irreparable harm is *likely*.  *Id.*  Analysis of this element probes the timeframe of the litigation.  *See id.*  A court must determine that a preliminary injunction is required to prevent harm likely to occur before it can decide the case on the merits.  *See id.*  Courts addressing this element often note that a delay on the part of the plaintiff in filing suit or seeking an injunction cuts against finding imminent irreparable harm.  *Garcia v. Google, Inc.*, 786 F.3d 733,

746 (9th Cir. 2015) (en banc); *Oakland Tribune, Inc. v. Chronicle Pub. Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985) ("Plaintiff's long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm[.]"); *Lydo Enterprises, Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984) ("A delay in seeking a preliminary injunction is a factor to be considered in weighing the propriety of relief.").

Here, Federal Defendants assert that Plaintiff alleges only a generic allegation of harm and that its delay in filing suit and seeking an injunction undermines its concern that any harm is imminent. (Doc. 10 at 16–19.) The Court agrees.

Plaintiff asserts that an environmental injury "by its nature" satisfies the irreparable harm element because such an injury "can seldom be adequately remedied by money damages and is often permanent or at least of long duration, i.e. irreparable." (*Id.* at 13 (citing *Amoco Production Co. v. Village of Gambell, AK*, 480 U.S. 531, 545 (1987).) Plaintiff argues that an injunction is necessary to protect its members ability to "view, experience and utilize the area in [its] undisturbed state" because "once logging occurs, the Forest Service . . . cannot put trees back on the stumps and unbuild roads." (Doc. 6 at 4.) However, Plaintiff's stock allegation of harm, *see, e.g.*, *All. for the Wild Rockies v. Cottrell*, 632 F.3d

1127, 1135 (9th Cir. 2011); *All. for Wild Rockies v. Marten*, 253 F. Supp. 3d 1108, 1111 (D. Mont. 2017), fails to address the particular circumstances of the Project.

Plaintiff asserts that logging and road work pose an imminent threat to the quiet seclusion of the forest but fails to acknowledge that the Project will not commence logging activities until October—by which time the Court can decide the case on the merits. Furthermore, Plaintiff's complaint that the interim road work will jeopardize the otherwise undisturbed environment is particularly anemic in this context. The bulk of the road work targets those areas where roads already disturb the natural landscape, casting doubt on Plaintiff's assertion that the work planned will interfere with its member's "aesthetic, recreational, [and] . . . spiritual . . . interests" in enjoying the natural areas in an undisturbed state.

What's more, the majority of the road work advances Plaintiff's interests. Although the Project proposes to construct 4.3 miles of permanent new roads, it will decommission 39 miles of other roads, resulting in a net decrease of approximately 38 miles of roads. Plaintiff's allegation that any harm will be irreparable because the Forest Service cannot "unbuild roads" (Doc. 6 at 14) is senseless is this context. A preliminary injunction is not warranted because Plaintiff fails to allege an injury that is likely to follow from the Project's upcoming activities.

This conclusion is further compounded by Plaintiff's four-month delay in filing suit and additional seven-week delay in seeking an injunction—an issue that Plaintiff fails to address in its brief.  A delay measured in months followed by an eleventh-hour motion for a preliminary injunction calls the imminence of the alleged harm into doubt.  *See Helena Hunters & Anglers Ass'n v. Marten*, CV 19-47-M-DLC, 2019 WL 5069002, at *2 (D. Mont. Oct. 9, 2019).  As Federal Defendants observe in their response brief, if Plaintiff had "promptly filed suit upon learning of the contract award, this case could have been fully briefed on summary judgment by now[.]"  (Doc. 10 at 18.)  Given the fact that logging is not planned until October, and the road work proposed on whole furthers Plaintiff's interests in enjoying the forest in an undisturbed state by closing portions of the existing road network, the Court can mitigate any remaining potential harm by imposing an aggressive briefing schedule and issuing a timely decision on the merits.  Because this element is not met, the Court need not address the remaining elements.  *Garcia*, 786 F.3d at 744.  Accordingly,

IT IS ORDERED that Plaintiff's Motion (Doc. 5) is DENIED.  The parties are instructed to confer and propose a briefing schedule that will render the parties respective motions for summary judgment fully briefed no later than August 14, 2020.

DATED this 29th day of April, 2020.

_____

Dana L. Christensen, District Judge
United States District Court